Robert E. Barton, OSB No. 81463
rbarton@cvk-law.com
Robert E. Sabido, OSB No. 96416
rsabido@cvk-law.com
COSGRAVE VERGEER KESTER LLP
805 SW Broadway, 8th Floor
Portland, Oregon 97205
Telephone:   (503) 323-9000
Facsimile:   (503) 323-9019

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ARCH CHEMICALS, INC., a Virginia corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RADIATOR SPECIALTY COMPANY, a North Carolina corporation,<br><br>    Defendant. | Case No. CV'07-1338 HU<br><br>**COMPLAINT (INDEMNITY AND CONTRIBUTION)**<br><br>**(Jury Trial Requested)** |

    Plaintiff Arch Chemicals, Inc. alleges:

**PARTIES, JURISDICTION AND VENUE**

    1.    Plaintiff Arch Chemicals, Inc., is a corporation organized under the laws of the Commonwealth of Virginia which maintains its principal place of business in Connecticut at 501 Merritt 7, Norwalk. Plaintiff is authorized to transact business in Oregon.

    2.    Defendant Radiator Specialty Company is a North Carolina corporation, with its principal place of business in Charlotte, North Carolina. Upon information and belief, Defendant is not authorized to transact business in Oregon, but it manufactures products that are widely available for sale in this state.

/ / /

Page 1 - **COMPLAINT (INDEMNITY AND CONTRIBUTION)**    460985

3.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

4.  This court has personal jurisdiction over Defendant because Defendant maintains sufficient minimum contacts in Oregon. Venue is proper in this district, under 28 U.S.C. §§1391(a)(2), because the events giving rise to the claims occurred in Oregon.

## FACTS

5.  At all materials times, Defendant manufactured and sold in Oregon an engine degreaser product known as Gunk Engine Brite (Gunk).

6.  On June 20, 2002, Loran and Eyvette Davidson, husband and wife, and their minor children Benjamin (then 14 years old), Lucien (then 10 years old) and Janesse (then 8 years old) (collectively, the Davidsons) traveled in their GMC Suburban vehicle (the GMC) from their home in Grand Ronde to the McMinnville, Oregon area and spent the day shopping.

7.  On June 20, 2002, the Davidsons purchased multiple cans of Gunk as manufactured and offered for sale by Defendant, and stowed same in the cargo area of the GMC where there was present a box of Sock-It ®, a pool chlorination product manufactured and sold by Plaintiff.

8.  At all material times, Defendant knew or should have known that Gunk had propensities, and/or characteristics, including but not limited to the following:

  a.  The product, including its vapors, was highly flammable and combustible;

  b.  Any release and/or discharge of the product could result in combustion, explosion or fire; and

/ / /

Page 2 - **COMPLAINT (INDEMNITY AND CONTRIBUTION)**    460985
COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

      c.      The product's packaging design and/or strength were defective and/or inadequate such as to permit its inadvertent release and/or discharge.

9.      Due to the defective design and/or manufacture of the Gunk product packaging system, one or more of the cans of the Gunk the Davidsons had purchased inadvertently discharged and/or released the highly flammable and combustible Gunk product in the GMC, causing a fire as the Davidsons were driving home on June 20, 2002 (the accident), causing:

      a.      The deaths of Lucien and Janesse Davidson;

      b.      Serious bodily injury to Loran, Eyvette and Benjamin Davidson including, but not limited to severe and significant burns over large portions of their bodies; and

      c.      Significant property damage to the GMC.

10.      As a result of the accident, Loran and Eyvette Davidson – individually, as conservators of Benjamin Davidson, and as personal representatives of the estates of Lucien and Janesse Davidson – sued Plaintiff and others in Multnomah County Circuit Court case number 0404-04099 (the *Davidson* suit) seeking damages as a result of the injuries and deaths they sustained in the accident.

11.      Defendant is liable in tort to the Davidsons because one or more of the following was a cause of the accident and the resulting injuries and deaths:

      a.      Gunk, as designed, is unreasonably dangerous and should not be marketed or sold to general consumers for private use;

      b.      A safer alternative product was available to Defendant at the time it sold the Gunk to the Davidsons;

/ / /

/ / /

Page 3 - **COMPLAINT (INDEMNITY AND CONTRIBUTION)**   460985
COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

    c.    The packaging of the Gunk was defective and/or deficient in its design and/or manufacture;

    d.    A safer alternative package/container design was available to Defendant at the time it sold the Gunk to the Davidsons;

    e.    The warnings and/or instructions on the packages and/or containers of the Gunk were inadequate and insufficient in that they failed to properly apprise consumers of the unreasonable dangers associated with the product.

12.    Plaintiff defended the *Davidson* suit. Subsequently, it entered into a confidential settlement with the Davidsons (the settlement), and paid a confidential settlement amount to be disclosed upon the entry of a protective order in this case.

13.    The settlement extinguished Defendant's liability to the Davidsons.

## FIRST CLAIM FOR RELIEF

### (Common Law Indemnity)

14.    Plaintiff re-alleges and incorporates paragraphs 1-13.

15.    In paying the settlement, Plaintiff discharged a legal obligation it was alleged to owe the Davidsons.

16.    But for the above-referenced settlement, Defendant is liable to the Davidsons for their injuries and losses resulting from the accident. As between Plaintiff and Defendant, the obligation ought to be discharged by Defendant because its fault is primary and Plaintiff's fault (if any) is secondary for the reasons stated in paragraphs 8 and 12. Accordingly, Defendant should indemnify Plaintiff for the entire amount paid in settlement of the *Davidson* suit.

17.    Plaintiff reasonably incurred reasonable attorney fees and costs in defending the *Davidson* suit. As between Plaintiff and Defendant, Defendant should

///

Page 4 - **COMPLAINT (INDEMNITY AND CONTRIBUTION)**   460985
COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

bear the cost of that defense for the reasons stated in paragraphs 8 and 12. Accordingly, Defendant should indemnify Plaintiff for the attorney fees and costs incurred by Plaintiff in the *Davidson* suit.

## SECOND CLAIM FOR RELIEF

### (Contribution)

18.  Plaintiff re-alleges and incorporates paragraphs 1-13.

19.  Plaintiff was alleged to be liable in tort to the Davidsons for their injuries and losses arising out of the accident. Defendant is liable to the Davidsons for those injuries and losses (the common liability).

20.  Plaintiff paid a reasonable amount to settle the *Davidson* suit, in light of the nature of the accident and the Davidsons' injuries and losses.

21.  The settlement extinguished Defendant's liability to the Davidsons. Plaintiff, however, paid more than its proportional share of the common liability. Accordingly, Plaintiff is entitled to contribution from Defendant, in an amount equal to Defendant's respective proportional share of the common liability.

WHEREFORE, Plaintiff prays for judgment in its favor as follows:

1.  On its first claim for relief, the full amount of the settlement in the *Davidson* suit; the attorney fees and costs Plaintiff incurred in defending that suit; plus interest on those amounts, against Defendant;

2.  On its second claim for relief, Defendant's proportional share of the common liability;

3.  Plaintiff's costs and disbursements; and

/ / /

/ / /

/ / /

/ / /

Page 5 - **COMPLAINT (INDEMNITY AND CONTRIBUTION)**

COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000

460985

4.  Any other relief that the court may decide is proper.

DATED: September 7, 2007

                          COSGRAVE VERGEER KESTER LLP

                          */s/ Robert E. Barton*

                          Robert E. Barton, OSB #81463
                          rbarton@cvk-law.com
                          Robert E. Sabido, OSB #96416
                          rsabido@cvk-law.com
                          Telephone: 503-323-9000
                          Fax: 503-323-9016

                                and

                          WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
                          Earl W. Gunn (*Pro Hac Vice Applic. Pending*)
                          egunn@wwhgd.com
                          Thomas D. Allen (*Pro Hac Vice Applic. Pending*)
                          tallen@wwhgd.com
                          Amber E. Tuggle (*Pro Hac Vice Applic. Pending*)
                          atuggle@wwhgd.com
                          Mark R. Johnson (*Pro Hac Vice Applic. Pending*)
                          mjohnson@wwhgd.com
                          Telephone: 404-876-2700
                          Fax: 404-875-9433

                          Attorneys for Plaintiff

Page 6 - **COMPLAINT (INDEMNITY AND CONTRIBUTION)**    460985
COSGRAVE VERGEER KESTER LLP
Attorneys
805 SW Broadway, 8th Floor
Portland, OR 97205
(503) 323-9000