IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ARCH CHEMICALS, INC.**,
a Virginia corporation, and
**LEXINGTON INSURANCE CO.**,

                                       No. 07-1339-HU

        Plaintiffs

   v.

                                  OPINION AND ORDER

**RADIATOR SPECIALTY COMPANY**,
a North Carolina corporation,

        Defendant.

M. Robert Smith
Joseph Rohner IV
Dennis N. Freed
Ryan J. McClellan
Smith Freed & Eberhard
111 S.W. Third Avenue, Suite 4300
Portland, Oregon 97204

Thomas D. Allen
Amber E. Tuggle
Shawn D. Scott
Earl W. Gunn
Mark R. Johnson
Laura Voght
Weinberg, Wheeler, Hudgins, Gunn & Dial

OPINION AND ORDER Page 1

50 East Paces Ferry Road, Suite 3000
Atlanta, Georgia 30326
    Attorneys for plaintiffs

William G. Earle
Paul R. Xochihua
Jonathan Henderson
Davis Rothwell Earle & Xochihua
1300 S.W. Fifth Avenue, Suite 1900
Portland, Oregon 97201

Daniel F. Mullin
John A. McHugh
Mullin Law Group
101 Yesler Way, Suite 400
Seattle, Washington 98104
    Attorneys for defendant

HUBEL, Magistrate Judge:

    This is an action by Arch Chemicals, Inc. (Arch) and its insurer, Lexington Insurance Company (Lexington) against Radiator Specialty Company (RSC), asserting claims for common law indemnity and contribution. Plaintiffs seek recovery of amounts paid in settlement of a lawsuit against Arch brought by members of the Davidson family. The matters before the court are RSC's motions for partial summary judgment on the issues of indemnity and contribution (doc. ## 240, 245).

## Standards

    Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). On a

OPINION AND ORDER Page 2

motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and must draw all reasonable inferences in the non-movant's favor. Clicks Billiards Inc. v. Sixshooters Inc., 251 F.3d 1252, 1257 (9th Cir. 2001). The court may not make credibility determinations or weigh the evidence. Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-55 (1990).

**Discussion**

**A.   Indemnity**

RSC seeks a ruling that indemnity is not a valid claim under the facts of this case as a matter of law. RSC also seeks a ruling that even if plaintiffs could prove a successful indemnity claim, they still could not recover their attorney's fees and costs because they never tendered Arch's defense to RSC.

A party seeking indemnity must plead and prove three elements: 1) plaintiff has discharged a legal obligation owed to a third party; 2) defendant was also liable to the third party; and 3) as between plaintiff and defendant, the obligation ought to be discharged by the latter, in that plaintiff's liability was "secondary" or its fault merely "passive," while that of the defendant was "active" or "primary." Fulton Ins. v. White Motor Co., 261 Or. 206, 210, 493 P.2d 138 (1972), *superseded in part on other pleading grounds*, Waddill v. Anchor Hocking, Inc., 330 Or. 376 (2000). See also id. at 211 (indemnity complaint must include facts which, if proved, would establish each party's liability to the injured party, and that the plaintiff's liability was not based

OPINION AND ORDER Page 3

on conduct which ought to bar its recovery). The three-part test is well established. See, e.g., Owings v. Rose, 262 Or. 257, 252 (1972), Scott v. Francis, 314 Or. 329, 332 (1992), Stovall v. State ex rel. Oregon Dept. of Transp., 324 Or. 92, 127 (1996), Moore Excavating, Inc. v. Consolidated Supply Co., 186 Or. App. 324, 328-29 (2003), Stanley Contracting, Inc. v. City of Carlton, 2006 WL 2046470 at *2 (D. Or. July 17, 2006)(King), Mayorga v. Costco Wholesale Corp., 2007 WL 204017 at *8-9 (D. Or. Jan. 24, 2007); Gunderson, Inc. v. Davis-Frost, Inc., 2007 WL 3171619 at *1 (D. Or. Oct. 24, 2007).

RSC asserts that plaintiffs cannot satisfy all three elements under either of their two theories of the case: 1) that EB-1 was the sole cause of the fire, when it escaped from its container and was ignited by an external ignition source such as a static electrical spark (referred to as the "spark theory"); or 2) that EB-1 and Sock It combined to cause the accident (referred to as the "combination" or "commingling" theory). RSC argues that the spark theory precludes plaintiffs from proving the first element of common law indemnity, because Arch could have no liability under this theory to the Davidson family. The combination theory precludes plaintiffs from proving the third element of an indemnity claim, according to RSC.

1. <u>Spark theory and element of legal obligation owed to third party</u>

If plaintiffs prevail on their theory that RSC was solely liable for the Davidson accident, they cannot, as a matter of law, prove the first element of indemnity, that they discharged a legal

OPINION AND ORDER Page 4

obligation owed to the Davidsons. See Mayorga, 2007 WL at *9 (common law indemnity claim "cannot be sustained if the [party seeking indemnity] could not have been liable to the [injured] party for the legal obligation satisfied"); see also Irwin Yacht Sales Inc. v. Carver Boat Corp., 98 Or. App. 195, 198, 778 P.2d 982 (1989)(indemnitee not entitled to indemnity unless it is liable to the injured third party); Smith v. Urich, 151 Or. App. 40 (1997)(indemnity claim failed for lack of evidence that plaintiff was negligent or caused third party's injuries).

Fulton is illustrative on this first element. There, the Oregon Supreme Court held that an indemnity claim could not be asserted because the complaint did not allege facts that would support a finding of plaintiffs' liability to the third party:

> The complaint in this case adequately alleged that the accident was caused by defendants in furnishing a defective truck. It also adequately alleges that plaintiffs, on behalf of their insureds, paid the damage claims arising out of that accident. It fails, however, to allege facts showing that the owner and the operator of the truck [i.e., the Griffins] were ... liable for those damages--that is, that there was liability under law... .

261 Or. at 211. RSC argues that the spark theory, that EB-1 alone was ignited by the spark, makes it impossible for Arch to have been liable to the Davidsons, thereby precluding plaintiffs from pleading and proving the first element of indemnity.

2. Combination theory and element of "passive" or "secondary" fault

RSC argues that any viable indemnity claim of plaintiffs would have to be based on the combination theory, that an exothermic

OPINION AND ORDER Page 5

reaction involving both EB-1 and Sock It caused the fire. This was the Davidsons' theory.

In the lawsuit they filed against Arch, the Davidsons alleged:

> The fire that killed Lucien and Janesse Davidson, and injured Loran, Eyvette and Benjamin Davidson, was caused by the spontaneous exothermic reaction of the "Sock It" pool chlorination products with other common household products that were in the Davidson vehicle.

Vierra Declaration, Exhibit D ¶ 10. Arch alleged in the complaint in this case that the Davidson settlement "discharged a legal obligation it was *alleged* to owe to the Davidsons," Complaint ¶ 15 (emphasis added). RSC first points out that the allegation of a legal obligation that has been *alleged* against Arch by the Davidsons does not meet the requirement in Fulton, 261 Or. at 211, that probable liability is not enough for an indemnity claim; an indemnity claimant's liability must be established by a judgment or by pleading and proving facts establishing liability. The combination theory, if proven, could establish liability for both Arch and RSC.

Plaintiffs also have the burden of proving, under the combination theory, that their fault was the "passive" as compared to the "active" fault of RSC.[1]

---

[1] The court has not found a clear statement of whether the question of passive versus active fault is a question of law or of fact. In United Airlines v. Wiener, 335 F.2d 379, 401 (9th Cir. 1964), the court said, "[S]uch expressions as "active" and "passive" negligence, and related expressions, are but legal conclusions or inferences, drawn from all of the facts and circumstances of a particular case." In an unpublished opinion, Burrows v. Core-Mark Int'l, Inc., 54 F.3d 785 (9th Cir. 1995), the court noted that even assuming determination of active and passive fault is a question of fact, as a matter of law,

OPINION AND ORDER Page 6

In <u>General Ins. Co. of Amer. v. P.S. Lord</u>, 258 Or. 332, 336 (1971), the court held that the duty to indemnify "will be recognized in cases where community opinion would consider that in justice the responsibility should rest upon one rather than the other." The court identified, at one end of the scale, a party's vicarious liability for the negligence of another; clearly only one party's negligence was "active." At the other extreme, the court posed the example of a bus being driven negligently that was hit by a truck driven negligently, injuring the bus passenger; under such circumstances, neither the truck, nor the bus operator could secure indemnity from the other. <u>Id.</u>

The court held in <u>P.S. Lord</u> that the insurer of Colby Steel, which had manufactured and installed elevator equipment in a dock and warehouse, could not establish an indemnity claim against the company that had subcontracted to install the elevators after both were sued by the dock owner for negligence. Colby's insurer was not entitled to indemnity because Colby was an "active, positive and primary" participant in the acts or omissions which the owner contended proximately caused its loss.

In <u>Piehl v. The Dalles General Hosp.</u>, 280 Or. 613, 619 (1977), a surgeon and a hospital were both sued for leaving a sponge in a patient, and the defendants asserted claims for indemnity against each other. The Oregon Supreme Court held that neither defendant was entitled to indemnity because there was evidence from which a jury could have found that the surgeon was actively negligent (as

---

sufficient facts must be pleaded to establish passive fault.

OPINION AND ORDER Page 7

opposed to vicariously liable for the negligence of hospital employees responsible for counting sponges) in not discovering and removing the sponge. "Assuming the surgeon was personally negligent, so also were the nurses; and no reason exists to choose one or the others as more blameworthy." Id. at 621. See also Maurmann v. Del Morrow Const., 182 Or. App. 171, 178 (2002)("[I]ndemnity is inappropriate where the negligence of two tortfeasors without any legal relationship to one another combines to cause injury to a third party.")

In Smith, the Court of Appeals held that the party seeking indemnity had to offer some evidence that it was not "actually negligent in ways that preclude common-law indemnity." 151 Or. App. at 46.

Plaintiffs counter with the assertion that the Fulton case is not controlling in this case, and that the elements of a common law indemnity claim are those set out by the Court of Appeals in Smith, not the Oregon Supreme Court in Fulton. Arch and Lexington assert that under Smith, they can succeed on an indemnity claim by showing that 1) a third party made a claim against Arch; 2) Arch reasonably incurred costs in satisfying the claim; and 3) as between plaintiffs and RSC, RSC should bear the cost of the Davidson settlement. 151 Or. App. at 44. Plaintiffs also rely on State ex rel. Dept. of Transportation v. Scott, 59 Or. App. 25, 29 (1982), PGE v. Construction Consulting Associates, 57 Or. App. 116, 120 (1982), Martin v. Cahill, 90 Or. App. 332, 336 (1988), M.L. Kauth, Inc. v. Lyon, 116 Or. App. 216, 218 (1992) and Moore Excavating v.

OPINION AND ORDER Page 8

Consolidated Supply Co., 186 Or. App. 324 (2003).

Plaintiffs' assertion is incorrect. The standard applied in Smith and the other related cases is limited to circumstances where the indemnity plaintiff seeks defense costs only. This is articulated in the Moore case. There, the Court of Appeals noted that beginning with the PGE case in 1982, it applied a slightly different first element for indemnity than the one in Fulton because PGE was an indemnity action seeking only defense costs. In such a case, a plaintiff who has denied liability, but still incurred defense costs is not required to prove that it was actually liable to the third party. 186 Or. App. at 331.

> We concluded that, in a case *where the indemnity plaintiff denied liability to the third party but nevertheless incurred costs in defending against that claim,* it was enough to show that "it was sued, reasonably incurred costs in defending and that, as between it and the putative indemnitor, the indemnitor should bear the burden of the defense." PGE, 57 Or. App. at 120. In other words, "[i]n an indemnity action *seeking defense costs*, the plaintiff is not required to prove that it was actually liable to the third party." Id.

186 Or. App. at 331 (emphasis in original). The court explained that in cases subsequent to PGE,

> we have reiterated that formulation. [Citing Smith v. Urich, 151 Or. App. 40 (1997), M.L. Kauth, Inc. v. Lyon, 116 Or. App. 216 (1992) and Martin v. Cahill, 90 Or. App. 332 (1988)]. *We have not, however, stated that the PGE formulation was meant to supplant the elements identified in Fulton.* Rather ... the formulation set forth in PGE describes the necessary proof *where the indemnity plaintiff denies liability to the third party.* It does not dispense with the requirement that the indemnity plaintiff prove ... that it has discharged both its own and the defendant's liability to the third party.

(Emphasis added) The Moore court noted that in Scott, for example,

OPINION AND ORDER Page 9

the indemnity defendant conceded that it was liable for the amounts the indemnity plaintiff sought, 59 Or. App. at 29. The Moore court explained,

> Because both parties agreed that the plaintiff was not liable to the third parties, we relied on the PGE formulation to determine whether the defendant should properly bear those costs. To the extent that our cases after PGE suggest that the formulation set out there can be substituted for the Fulton elements, that suggestion is incorrect.

186 Or. App. at 331. See also Hartford Ins. Co. v. G.B. Trone Building, Inc., 2007 WL 2994587 at *2 (D. Or. Oct. 10, 2007) (indemnity action seeking defense costs only, in which court applied PGE formulation because indemnity defendant admitted being solely liable).

As RSC points out, this action is not one to recover defense costs only, the explicit qualification for applying the PGE rule. Although plaintiffs argue that the PGE rule is applicable because Arch has "denied liability," Moore makes it plain that a denial of liability is not a separate and independent requirement, but rather an adjunct; thus, the PGE rule applies when the indemnity plaintiff seeks defense costs *and* denies liability.

Moreover, RSC contends that in Fulton, as in this case, there was neither an admission of liability nor a judgment of liability against the insureds, just a settlement based on "probable liability," which the Fulton court held was, by itself, insufficient to satisfy the first element.

Alternatively, plaintiffs argue that, if Fulton is the operative standard, there are issues of fact that preclude summary

OPINION AND ORDER Page 10

judgment. They argue that even under the "spark" theory, a jury could find that Sock It and EB-1 each contributed to the fire, but that RSC was primarily liable and Arch was secondarily liable, as could also happen under a commingling theory.

Arch points to testimony from RSC's expert Don Girvan, who opines that there were problems with the packaging and quality control procedures implemented by Arch's subcontractors in the packaging of Sock It. Arch argues that this evidence makes clear that there is a question of fact about Arch's level of culpability.

But plaintiffs' argument is inconsistent with the cases holding that indemnity is not appropriate where the tortfeasors have no legal relationship to each other. See, e.g., Maurmann (indemnity inappropriate where the negligence of two tortfeasors without any legal relationship to one another combines to cause injury to a third party) and Piehl (if both surgeon and nurses negligent, "no reason exists to choose one or the others as more blameworthy"). The argument that Arch's liability, if any, may be passive compared to its packaging subcontractor does nothing to make Arch's liability passive compared to RSC's. There is no evidence from which to determine that Arch's fault was passive or secondary compared to RSC's. The only relationship between Arch and RSC is the fact that their products happened to be in the Davidson car on the day of the accident. Even if a jury could find, under the spark theory, that both Arch and RSC were liable, under P.S. Lord's hypothetical involving a negligent bus driver and a negligent truck driver causing injury to a bus passenger, this case

OPINION AND ORDER Page 11

would fall on the other side of the continuum from vicarious liability, and preclude indemnity by one to the other.

RSC challenges plaintiffs' arguments relating to possible factual scenarios on the ground that RSC's motion is not dependent on any particular factual findings about causation. Thus, for purposes of this motion, the court can assume any of three causation scenarios: Sock It was the sole cause, EB-1 was the sole cause, or both somehow combined to cause the fire. Under any scenario, Arch would still fail to satisfy the test for common law indemnity, because if EB-1 were the sole cause of the fire, then Arch would not have been legally liable to the Davidsons, ruling out the first element, and if the two products combined in some way to cause the fire, the third element is ruled out, because there is neither evidence, nor a legal relationship from which such a distinction could be made. RSC contends that there is no Oregon case holding that indemnity is appropriate in a situation where two tortfeasors without any legal relation to each other combine to cause injury to a third party.[2]

---

[2] For comparison, RSC cites numerous indemnity cases involving a legal relationship between two tortfeasors: Scott v. Francis, 314 Or. 329 (1992)(co-counsel for same client); Owings v. Rose, 262 Or. 247, 252 (1972)(architects and their consulting engineers); Fulton (owner/operator of truck and manufacturer); Kennedy v. Colt, 216 Or. 647 (1959)(parties to contract to cut timber); Astoria v. Astoria and Columbia River Bar Co., 67 Or. 538 (1913)(city and railroad for injury at railroad crossing); Moore (contractor and supplier), Maurmann (developer and its engineer/contractor); Kauth (employer and employee); Irwin Yacht Sales v. Carver Boat Corp., 98 Or. App. 195 (1989)(boat retailer and manufacturer); Martin (seller and realtor); Huff (doctor who prescribed medication and manufacturer of medication); Scott (contractor and supplier), and PGE (construction manager and

OPINION AND ORDER Page 12

I conclude that RSC is entitled to summary judgment on Arch and Lexington's indemnity claim, because as a matter of law plaintiffs cannot, under any theory of their case, establish the three <u>Fulton</u> elements of such a claim.

3.  <u>Alternative motion: pre-tender defense costs</u>

RSC asserts that plaintiffs cannot recover their defense fees and costs because they did not provide RSC with notice of the Davidson action or a tender of defense. Although Arch sought unsuccessfully to add RSC as a party to the Davidson lawsuit in December 2005, some 20 months after the Davidsons commenced their action, Arch and Lexington never tendered Arch's defense to RSC. RSC asserts that plaintiffs' notice to it did not occur until after plaintiffs had settled the Davidson case.

RSC cites Oregon cases requiring a proper tender of defense as a condition of recovering defense costs in the context of the defense and indemnity provisions in insurance contracts. See, e.g., <u>Oregon Ins. Guaranty Assoc. v. Thompson</u>, 93 Or. App. 5 (1988) and <u>American Casualty Co. v. Corum</u>, 139 Or. App. 58, 63 n. 3 (1996). RSC concedes that the present claim is for common law rather than contractual indemnity, but argues that the same rule should apply in both situations.

Arch counters that there are no Oregon cases requiring tender of the defense as a predicate step to an indemnity action, but offers no case law indicating it is not required.

Because I conclude that Arch and Lexington have no viable

---

subcontractor).

OPINION AND ORDER Page 13

claim for indemnity, I find it unnecessary to consider whether Oregon would require a tender as a condition of recovering defense costs in a common law indemnity claim. This alternative motion is denied as moot.

**B.   Contribution**

RSC moves against Lexington's claim for contribution on the ground that it is barred by the two-year statute of limitations in Or. Rev. Stat. § 31.810. RSC asserts that Lexington paid to settle the Davidson claim in December 2006, and did not file a contribution claim on its own behalf within two years. RSC contends that the relation back rules do not apply when a party is involuntarily joined as a plaintiff.

The Davidson family was injured on June 20, 2002 and brought an action against Arch on April 20, 2004. The Davidson case settled on December 7, 2006. This action was filed on September 7, 2007. On October 1, 2007, Lexington and Arch signed a Ratification Agreement. On December 8, 2008, the two-year limitations period for contribution actions expired. On February 4, 2009, RSC filed motions for involuntary joinder of Lexington and to strike the October 1, 2007 ratification. On June 30, 2009, the court granted RSC's motions. On August 14, 2009, Lexington and Arch signed a second agreement, a "loan receipt" and/or assignment. On September 25, 2009, the court issued an Opinion and Order adhering to its previous ruling joining Lexington and striking the ratification. In the Opinion and Order the court ruled that the circumstances permitting ratification under Rule 17(a)(3) were not present

OPINION AND ORDER Page 14

because the omission of Lexington as a plaintiff was not a mistake, but an intentional decision to avoid perceived biases against insurers.

RSC argues that because the court concluded that the requirements of Rule 17(a)(3) were not met by the ratification between Arch and Lexington, Lexington should not be entitled to rely on the specific relation-back provision in the last clause of Rule 17(a)(3). Lexington appears to concede this argument.

The issue here is the applicability of Rule 15(c)(1)(B) and (C).

Rule 15(c)(1) provides, in pertinent part, as follows:

> **Relation Back of Amendments.**
> **(1)** ***When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> **(A)** the law that provides the applicable statute of limitations allows relation back;
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c) does not expressly apply to adding plaintiffs, but the approach adopted in Rule 15(c) extends by analogy to amendments changing plaintiffs. 6A Charles Alan Wright, Arthur R. Miller &

OPINION AND ORDER Page 15

Mary Kay Kane *Federal Practice and Procedure* § 1501 (2d ed. 1990).

An amendment adding a party plaintiff relates back to the date of the original pleading only when 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff. <u>Immigrant Assistance Project of Los Angeles County Fed'n of Labor v. INS</u>, 306 F.3d 842, 857 (9th Cir. 2002)(class action adding additional plaintiffs); <u>Raynor Bros. v. American Cyanimid Co.</u>, 695 F.2d 382, 384 (9th Cir. 1982)("[t]he substitution after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based.") On the basis of these cases, and on out-of-jurisdiction cases specifically holding that an amendment adding a subrogating insurer relates back,[3] Lexington argues that its contribution claims relate back because 1) the original complaint gave RSC adequate notice of Lexington's claim, which is factually and legally identical to Arch's claim; 2) RSC faces the same claim, for the same damages, and arising out of the same facts that it faced

---

[3] Lexington cites <u>Kansas Electric Power Co. v. Janis</u>, 194 F.2d 942, 944 (10th Cir. 1952)(joining of insurance companies as additional plaintiffs did not change the cause of action so amendment related back), <u>Wadsworth v. U.S. Postal Serv.</u>, 511 F.2d 64 (7th Cir. 1975)(amended complaint adding subrogated insurer as plaintiff related back), <u>Link Aviation, Inc. v. Downs</u>, 325 F.2d 613, 614-15 (D.C. Cir. 1963), <u>Garr v. Clayville</u>, 71 F.R.D. 553 (D. Del. 1976) and <u>Wallis v. United States</u>, 102 F. Supp. 211 (D. Mass. 1951).

OPINION AND ORDER Page 16

before Lexington was joined as a plaintiff, and thus will not be prejudiced by relation back; and 3) there is a clear identity of interest between subrogor Arch and subrogee Lexington.

RSC counters that relation back will deprive it of a statute of limitations defense; this argument is unavailing because it merely begs the question whether RSC has a statute of limitations defense. RSC also argues that none of the authority cited by Lexington involves a finding of strategic decision making, as opposed to honest mistake.

Lexington responds that the "mistake" prong of Rule 15(c) applies to mistakes in the naming of a *defendant*, not mistakes in the naming of the plaintiff. See Rule 15(c)(1)(C)(ii)(amendment changing *the party against whom a claim is asserted* relates back if new defendant knew or should have known that the action should have been brought against it)(emphasis added). I do not find this argument convincing, in view of the authority that Rule 15(c) applies by analogy to situations involving joinder of plaintiffs as well.

In support of the argument that Rule 15(c) relation back does not apply in situations involving a strategic decision rather than an honest mistake, RSC cites a Ninth Circuit case and two District of Oregon cases interpreting Rule 15(c) to encompass the same honest-mistake-versus-strategic-decision distinction that Rule 17 makes. See <u>Louisiana-Pacific Corp. v. Asarco, Inc.</u>, 5 F.3d 431, 434-35 (9th Cir. 1993)(when there is "no mistake of identity, but rather a conscious choice of whom to sue," district court did not

OPINION AND ORDER Page 17

abuse its discretion in denying Rule 15(c) motion); Estate of Thomason v. Klamath County, 2004 WL 1598802 at *23 (D. Or. July 16, 2004)(when omission of defendant is a conscious choice in strategy, the amended complaint adding that party as a new defendant will not relate back); Steffens v. Deschutes County, 2004 WL 1598807 (D. Or. July 14, 2004)(Rule 15(c) relation back requires a mistake concerning the identity of the proper party; error of judgment or mistake about who should be sued under the circumstances is not a mistake covered by the rule).

The persuasiveness of this argument is undermined by the fact that Lexington was added as a party involuntarily, and on RSC's motion. The cases cited above indicate that the applicable principle is that when a party makes a strategic decision about whom to sue, it cannot later join the omitted party and benefit from relation back. That principle is not applicable to this case. While Arch and Lexington made a strategic decision to bring this action in Arch's name only, Lexington was not brought into the case by Arch: it was added involuntarily by RSC.

Lexington makes another argument, which is that relation back should be allowed under Rule 15(c)(1)(A), which provides for relation back when "the law that provides the applicable statute of limitations allows relation back." Lexington argues that Oregon's equivalent of Rule 17(a), ORCP 26, permits relation back of an amendment joining a subrogating insurer or ratification of the insured by the subrogating insurer in an action commenced by the insured. Lexington also argues that Oregon's equivalent of Rule

OPINION AND ORDER Page 18

15(c), ORCP 23C, allows relation back where "the party to be brought in by amendment" has notice, will not be prejudiced, and "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

The flaw in this argument is that 15(c)(1)(A) refers to the *law that provides the applicable statute of limitations,* not Oregon's rules of civil procedure, which are not applicable in federal court.

I conclude that Lexington is entitled to relation back under Rule 15(c). The circumstances of this case are somewhat unusual in that Lexington has always been a participant in this case, its presence known to both sides. Neither party is surprised or prejudiced by Lexington's belated addition as a plaintiff. The attempted ratification between Lexington and Arch was intended to avoid having Lexington *named* as a party before the jury.

The court joined Lexington as a plaintiff because Lexington was a necessary party and because the effort by Lexington to avoid being named as a party did not comply with the rules of civil procedure.

RSC's ostensible reason for seeking to join Lexington as a plaintiff was its assertion of separate affirmative defenses against Arch and Lexington. Once Lexington was joined, those affirmative defenses were withdrawn. Having brought Lexington into the case involuntarily, almost two years after the case commenced, RSC now seeks to defeat Lexington's contribution claim as time-

OPINION AND ORDER Page 19

barred because of that late entry. The rationale for denying relation back does not fit this situation. Therefore, I find Lexington's joinder relates back to commencement of this case by Arch.

## Conclusion

RSC's motion for summary judgment on the indemnity claim (doc. # 240) is GRANTED. RSC's motion for summary judgment on the contribution claim (doc. # 245) is DENIED.

IT IS SO ORDERED.

Dated this 28th day of July, 2010.

/s/ Dennis J. Hubel

_____

Dennis James Hubel
United States Magistrate Judge

OPINION AND ORDER Page 20