## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

## CIVIL MINUTES

**Case No.:** CV 07-1339-HU                                                    **Date:** December 10, 2010

**Case Title:** Arch Chemicals, Inc. & Lexington Insurance Company v. Radiator Specialty Company

**Presiding Judge:** Hon. Dennis J. Hubel          **Courtroom Deputy:** Kathleen Bartholomew (326-8060)

**Reporter:** Amanda Legore

| **PLAINTIFF'S COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|
| Thomas Allen | William Earle |
| Shawn Scott | Daniel Mullin |
|  | Linda Vierra |

**DOCKET ENTRY:**    RECORD OF PROCEEDINGS and ORDERS:

Oral argument heard on Defendant's Motion to Strike Lexington Insurance Company's Complaint [357] - the motion is taken under advisement.

Oral argument heard on Plaintiffs' Motion to Exclude Evidence of the Absence of Prior Incidents [338] - the motion is taken under advisement, and may be addressed, to some extent, at the Pretrial Conference, after identification by defendant of what specific evidence in this regard it intends to offer at trial.

Plaintiffs' Motion in Limine to Exclude Spooner Opinion.[369] is granted in part, and denied in part, as follows:  The motion is 1) granted with respect to testimony regarding attorney fees and expenses incurred in the underlying case;  2) denied with respect to testimony regarding whether or not the settlement reached in the underlying case was reasonable, and 3) granted as to testimony regarding the merits of plaintiffs' indemnity and contribution claims.

Defendant's Motion to Strike Plaintiff Lexington Insurance Company's Rule 26(a)(2) Disclosures and Motion in Limine. [272] is granted in part, and denied in part, as follows:  Dr. Loftus may not testify about any specific witnesses' testimony, but she may testify regarding the psychological factors that may affect a witness' testimony generally.  Formal opinion to follow.

Defendant's Motion to Exclude IME Evidence or Require Disclosure of Work Product [307] is denied, in general, for the reasons set forth on the record.  Specific disclosures of work product by defendant to plaintiffs is required, as set forth.  Formal opinion to follow.

cc:  ( ) All counsel                                                              DOCUMENT NO: _____
**Civil Minutes**                                                           **Honorable Dennis J. Hubel**
**Revised 4/22/98**

Defendant's Motion Re Lexington Insurance's Participation at Trial [279] is granted.

Defendant's Motion in Limine Precluding Any Reference to Lexington Insurance Company or of Arch's Insurance at Trial [281] is denied. A formal opinion regarding motions [279] and [281] will follow.

Plaintiff's Motion for Partial Summary Judgment [314] is granted with respect to the inclusion of punitive damages as part of the amount paid in settlement of underlying case, and is denied with respect to the reasonableness of the amount paid in settlement to the Davidsons, that issue is for the jury.

Defendant's Motion for Summary Judgment [317] is denied.

Defendant's Alternative Motion [321] is denied. A separate opinion regarding motions [314], [317], and [321] to follow.

Counsel to confer with their clients, and each other, regarding what terms of the confidential settlement agreement of the underlying case, if any, should be shared with the jury, and beyond, if applicable. The issues shall be addressed in the parties' first wave of trial submissions, due December 17, 2010.

The court addressed with counsel the requirements for trial submissions set forth in the Amended Jury Trial Management Order [228], and the issues to be addressed at the Pretrial Conference on January 27, 2011.