IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ARCH CHEMICALS, INC.,**
a Virginia corporation, and
**LEXINGTON INSURANCE CO.,**

                                    No. 07-1339-HU

            Plaintiffs

    v.                              OPINION AND ORDER

**RADIATOR SPECIALTY COMPANY,**
a North Carolina corporation,

            Defendant.


M. Robert Smith
Joseph Rohner IV
Dennis N. Freed
Ryan J. McClellan
Smith Freed & Eberhard
111 S.W. Third Avenue, Suite 4300
Portland, Oregon 97204

Thomas D. Allen
Amber E. Tuggle
Shawn D. Scott
Earl W. Gunn
Mark R. Johnson
Laura Voght
Weinberg, Wheeler, Hudgins, Gunn & Dial
50 East Paces Ferry Road, Suite 3000
Atlanta, Georgia 30326
        Attorneys for plaintiffs

William G. Earle
Paul R. Xochihua
Jonathan Henderson
Davis Rothwell Earle & Xochihua
1300 S.W. Fifth Avenue, Suite 1900
Portland, Oregon 97201

Daniel F. Mullin
John A. McHugh
Mullin Law Group
101 Yesler Way, Suite 400
Seattle, Washington 98104
        Attorneys for defendant

HUBEL, Magistrate Judge:

        This is an action by Arch Chemicals, Inc. (Arch) and Lexington Insurance Company (Lexington) against Radiator Specialty Company (RSC), asserting claims for contribution and Lexington brings a second claim for unjust enrichment.  Arch and Lexington seek recovery of amounts paid in settlement of a lawsuit against Arch brought by members of the Davidson family.  Before the court is RSC's Motion to Strike Lexington's Complaint (doc. # 357).  For the reasons set forth below, I deny the motion.

### FACTS

        This case arises out of the wrongful death and bodily injury claims brought by the Davidson family against Arch Chemicals.  The facts are summarized in multiple earlier opinions from the court and will not be repeated here.

        On April 20, 2004, the Davidson family brought a lawsuit against Arch in Oregon state court alleging civil claims related to the fire.  The litigation was resolved by a confidential settlement on December 7, 2006, which was jointly funded by Arch and Lexington.

        On September 7, 2007, Arch brought the instant lawsuit against

2 - OPINION AND ORDER

1   RSC, seeking contribution for RSC's role in causing the fire.  On

2   June 30, 2009, on RSC's motion, Arch's insurer, Lexington, was

3   joined as a real party in interest.  While that order was

4   reconsidered at the request of Arch, it was reaffirmed on September

5   25, 2009.

6       There was nothing filed by Lexington in this regard until

7   nearly a year later.  On September 14, 2010, after RSC had filed

8   its motion for summary judgment, Lexington for the first time filed

9   its own complaint against RSC.  Lexington's First Claim for Relief

10   was for contribution mirroring Arch's similar claim.  Lexington's

11   second claim for relief was for unjust enrichment/restitution.

12   Arch has made no effort to assert a similar claim.  RSC now moves

13   to strike Lexington's entire complaint or its claim for unjust

14   enrichment. (doc. #357)

15                   **STANDARD**

16       Rule 12(f) of the Federal Rules of Civil Procedure states that

17   a district court "may strike from a pleading an insufficient

18   defense or any redundant, immaterial, impertinent, or scandalous

19   matter." "The function of a 12(f) motion to strike is to avoid the

20   expenditure of time and money that must arise from litigating

21   spurious issues by dispensing with those issues prior to trial[.]"

22   Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)

23   (quotation marks, citation, and first alteration omitted), rev'd on

24   other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

25   Granting a motion to strike is within the broad discretion of the

26   district court.  Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (9th

27   Cir. 2000).  However, "Rule 12(f) does not authorize district

28   courts to strike claims for damages on the ground that such claims

3 - OPINION AND ORDER

1  are precluded as a matter of law." Whittlestone, Inc. v.
2  Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010).

3                            **DISCUSSION**

4  Motion to Strike

5      RSC advances two arguments for why the court should strike
6  Lexington's Complaint and its second claim for unjust enrichment.
7  First, it argues that Lexington's Complaint has no legal effect
8  because there can only be one operative complaint at a time in any
9  one case.  RSC, however, cites no legal authority for this
10  assertion, nor has this court found any authority so holding.

11      Second, RSC argues that Lexington is really trying to amend
12  its complaint to add a new claim in violation of Fed. R. Civ. P.
13  15(a)(2), and that even if the court were to allow amendment, it
14  would be futile.  This argument, however, is not well taken since
15  Lexington cannot amend a complaint that it never filed in the first
16  place.

17      The substance of RSC's motion to strike focuses on elimination
18  of the unjust enrichment claim for damages on the basis that the
19  claim fails as a matter of law.  The Ninth Circuit, however, has
20  recently held that "a party may [not] seek dismissal of a pleading
21  under Rule 12(f)," and that the rule "does not authorize district
22  courts to strike claims for damages on the grounds that such claims
23  are precluded as a matter of law." Whittlestone, 618 F.3d at 974-
24  75.

25      Defendant argues orally it is unfair to allow a new claim
26  after discovery closes.  It argues it wants discovery about the
27  alleged benefit conferred, but identifies no discovery in this
28  regard not already in its grasp, nor any facts in dispute.

4 - OPINION AND ORDER

Last, defendant argues it is unfair to allow this complaint as a way to avoid defendant's summary judgment motion.  That motion (# 317) is, however, denied on other grounds.

RSC's motion to strike, therefore, is an inappropriate vehicle to challenge Lexington's claim for unjust enrichment on the grounds asserted.  Accordingly, RSC's motion is denied.

**CONCLUSION**

Defendant's Motion to Strike Lexington's Complaint [doc. # 357] is denied.

IT IS SO ORDERED,

Dated this 10th day of December , 2010.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

5 - OPINION AND ORDER