IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARCH CHEMICALS, INC.,
a Virginia corporation, and
LEXINGTON INSURANCE COMPANY,

         Plaintiff,

  v.

RADIATOR SPECIALTY COMPANY,
a North Carolina corporation,

         Defendant.

No. 07-1339-HU

OPINION AND ORDER

HUBEL, Magistrate Judge:

    Before the court is the motion of Arch Chemicals, Inc. (Arch) to exclude evidence of the absence of prior incidents (#338). Arch anticipates that at trial RSC will argue that never before has anyone claimed that RSC's product, Gunk Engine Brite, (1) is packaged such that it could leak out, as Arch theorizes it did in this case, or (2) was ignited by a static spark or had an exothermic reaction to cause a fire. According to Arch, RSC cannot lay the proper foundation to introduce evidence of the absence of

OPINION AND ORDER Page 1

prior incidents.

The parties agree the absence of prior claims can be relevant if based upon substantially similar circumstances. The party offering evidence of a prior claim, fire or inadvertent discharge of EB-1, or the absence of such events in this case, bears the burden of establishing the substantial similarity of the event, or the potential for the event that did not occur, and the reasonableness that the defendant would have gotten notice of the event in the case of the evidence RSC wants to offer.

It appears the evidence will be offered by RSC on a variety of issues, for instance lack of knowledge of the alleged product defects, and direct evidence of the lack of such defects from the lack of incidents. To show RSC's knowledge, or lack thereof, of a problem with the packaging of EB-1 as it relates to the theory of inadvertent release or leakage from spray cans of EB-1, the sales reported must be of packaging substantially similar to the cans in the Davidson vehicle at the time of the fire, and there must be evidence of some reason to think the "claims" or "incidents" would come to the attention of RSC.

Likewise, to show knowledge or the lack thereof of fires from discharges from the EB-1 cans will require a foundation showing that the units sold which had no reported fires contained a product with formula with a substantial similarity to the formula of EB-1 in Davidson vehicle with respect to ignitability and/or the substantially similar propensity for an exothermic reaction leading to a fire if it is commingled with another product. Further, there

OPINION AND ORDER Page 2

must be evidence of some reason to think the "claims" or "incidents" would come to the attention of RSC.

The same sort of foundation is needed to make this type of evidence admissible for direct evidence of the lack of a product defect. To prove or suggest a lack of credibility of plaintiff's expert's theories from lack of prior fires again requires the same sort of foundation to be established.

While I am denying this motion on this record, if this lack of prior claims/incidents evidence is to be offered at trial by defendant, it needs to be identified in defendant's pretrial conference filings and the foundation planned needs to be described with good particularity so objections can be properly made in the plaintiffs' filings. While it is hoped the court will be able to rule on such objections at the pretrial conference, it may be that I have to see the evidence at trial before I can properly evaluate the foundation, relevance, and 403 prejudice arguments and make a final ruling on this lack of prior claims/incidents testimony from RSC.

IT IS SO ORDERED.

DATED this   10th    day of December, 2010.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

OPINION AND ORDER Page 3