IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ARCH CHEMICALS, INC.**,
a Virginia corporation, and
**LEXINGTON INSURANCE CO.**,

No. 07-1339-HU

    Plaintiffs

  v.

OPINION AND ORDER

**RADIATOR SPECIALTY COMPANY**,
a North Carolina corporation,

    Defendant.

M. Robert Smith
Joseph Rohner IV
Dennis N. Freed
Ryan J. McClellan
Smith Freed & Eberhard
111 S.W. Third Avenue, Suite 4300
Portland, Oregon 97204

Thomas D. Allen
Amber E. Tuggle
Shawn D. Scott
Earl W. Gunn
Mark R. Johnson
Laura Voght
Weinberg, Wheeler, Hudgins, Gunn & Dial
50 East Paces Ferry Road, Suite 3000
Atlanta, Georgia 30326
    Attorneys for plaintiffs

William G. Earle
Paul R. Xochihua

Jonathan Henderson
Davis Rothwell Earle & Xochihua
1300 S.W. Fifth Avenue, Suite 1900
Portland, Oregon 97201

Daniel F. Mullin
John A. McHugh
Mullin Law Group
101 Yesler Way, Suite 400
Seattle, Washington 98104
     Attorneys for defendant

HUBEL, Magistrate Judge:

This is an action by Arch Chemicals, Inc. (Arch) and Lexington Insurance Company (Lexington) against Radiator Specialty Company (RSC), asserting a claim for contribution and Lexington also alleges an unjust enrichment claim. Arch and Lexington seek recovery of funds paid in settlement of a lawsuit against Arch brought by members of the Davidson family. Before the court are RSC's Motion Regarding Lexington's Participation at Trial [doc. # 279] and Arch/Lexington's Motion in Limine Precluding Any Reference to Lexington Insurance Company or of Arch's Insurance at Trial [doc. # 281].

**FACTS**

This case arises out of the wrongful death and bodily injury claims brought by the Davidson family against Arch Chemicals. The events leading up the injuries are summarized in other opinions and will not be repeated here.

On April 20, 2004, the Davidson family brought a lawsuit against Arch in Oregon Circuit Court alleging civil claims related to the fire. The litigation was resolved by a confidential settlement on December 7, 2006, which was jointly funded by Arch and Lexington.

2 - OPINION AND ORDER

On September 7, 2007, Arch brought the instant lawsuit against RSC, seeking contribution for RSC's role in causing the fire. On June 30, 2009, on RSC's motion for joinder, the court granted joinder of Arch's insurer, Lexington, as a real party in interest. On May 6, 2010, the parties filed the motions presently before the court, essentially asking the court to determine whether and how Lexington will participate in the trial.

## DISCUSSION

RSC asks that Lexington be treated at trial just as any other plaintiff would be treated in any trial. Arch and Lexington, on the other hand, ask that RSC be precluded from ever mentioning the existence of Lexington at trial, thus concealing Lexington's involvement from the jury.

I begin by noting that in their briefing and at oral argument, neither party was able to cite a case where an insurance company who was a party to a case remained anonymous at trial. Nor is this court aware of such a case. On the contrary, the cases that Arch and Lexington cite in support of their bid for anonymity generally pertain to the question of whether insurers are real parties in interest that should be joined, or to general comments about the concerns regarding jury prejudice toward insurers.

In my Opinion and Order, [doc. # 166], dated June 30, 2009, I ordered that Lexington be joined as a party in this case. The question then, is whether an insurance company who is a real party in interest should remain anonymous at trial.

The leading case relating to this topic in the Ninth Circuit is Wyller v. Fairchild Hiller Corp., 503 F.2d 506, 511 (9th Cir. 1974). The litigation in Wyller arose from a helicopter crash.

3 - OPINION AND ORDER

Id. at 507. The sole survivor of the crash, Wyller, sued the helicopter manufacturer. Id. at 508. Prior to trial, Wyller entered into an agreement with his former employer and co-plaintiff, Livingston, who owned the crashed helicopter. Id. at 511. Under the agreement, Wyller released any claims he might have had against Livingston in exchange for a loan that would be used for attorneys fees and costs in the action against the helicopter manufacturer. Id. Under the agreement, if Wyller prevailed in court, the loan was to be repaid with interest. Id. In addition, Wyller agreed not to settle his claims without Livingston's consent. Id. The Ninth Circuit noted,

> The instant agreement bears a marked similarity to the 'loan receipt' device by which indemnity and liability insurers sometimes settle losses by advancing to the insured the amount of his loss in the form of a loan, repayable only in the event and to the extent that the insured obtains a recovery for the loss from a third party. Such agreements insulate the insurer from the necessity of seeking to recoup its loss in its own name and from the judicially recognized prejudice of juries against insurance companies; they also enable injured plaintiffs to avoid the acceptance of unjust settlements out of necessity.

Id. On appeal, the helicopter manufacturer argued that in reality the loan money had come from Livingston's insurer. Id. It assigned error to the trial court's decision not to allow the manufacturer's motion to add the insurer as a plaintiff or alternatively to amend the pleadings to indicate that the plaintiffs were suing on behalf of Livingston's insurer, an alleged real party in interest. Id. at 511-12. On this issue, the Ninth Circuit expressed no opinion because there was insufficient evidence in the record to show that the insurer actually supplied the money and was, therefore, a real party in interest. Id. at

4 - OPINION AND ORDER

512.  The court noted, "Absent some substantial showing that this particular insurer was in fact involved in [paying the settlement], the district court would have exceeded its discretion in requiring the insurer's joinder as a real party in interest."  While the mechanism of the loan receipt may have also kept that insurer unnamed as a plaintiff, the lack of a record it funded the settlement made that question unnecessary to reach.

In contrast, here, there is no question that Lexington jointly funded the settlement, and is, therefore, a properly joined real party in interest.  To the extent Lexington seeks to avoid the consequences of being a plaintiff in this case, as a sophisticated business it could have, at the time of settlement, utilized the loan receipt mechanism discussed by the Ninth Circuit.  Such a business decision would have eliminated Lexington's presence in this lawsuit and the jury's knowledge of its existence.  Lexington, however, opted to take a different route.  That route was discussed in the court's June 30, 2009 opinion.

As a real party in interest, I find no persuasive precedent that Lexington's identity and role in this case should be kept from the jury.  On the contrary, having failed to utilize a valid mechanism to achieve its goal of keeping Lexington's identity out of the case, plaintiffs now want the court to rescue them from the consequences of their decision to use the ratification approach.  For the reasons stated in my opinion of June 30, 2009, and September 25, 2009, ratification was not available on the facts of this case and a loan receipt was not properly utilized.  The consequence is Lexington is in the case as a plaintiff and will be treated as any other party during trial.

5 - OPINION AND ORDER

If the prejudice was so great as to justify the relief plaintiffs seek, there would be ample cases allowing this relief over the years. There are none.

///

**CONCLUSION**

Defendant's Motion Regarding Lexington's Participation at Trial [doc. # 279] is granted.

Plaintiffs' Motion in Limine Precluding Any Reference to Lexington Insurance Company or of Arch's Insurance at Trial [doc. # 281] is denied.

IT IS SO ORDERED,

Dated this 10th day of December , 2010.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

6 - OPINION AND ORDER