IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ARCH CHEMICALS, INC.,
a Virginia corporation, and
LEXINGTON INSURANCE COMPANY,

        Plaintiff,

  v.

RADIATOR SPECIALTY COMPANY,
a North Carolina corporation,

        Defendant.

No. 07-1339-HU

OPINION AND ORDER

HUBEL, Magistrate Judge:

    Before the court is Radiator Specialty Company's (RSC's) Motion to Exclude Independent Medical Examinations, or in the Alternative, to Require Disclosure of Work Product Regarding Fire Event and its Causation (#307).

    After the accident which was the basis for the underlying lawsuit in this case, Loran, Eyvette, and Benjamin Davidson underwent independent medical examinations (IMEs) by Deena Klein, M.D. and Randall Greene, Ph.D. During the examinations, the

OPINION AND ORDER Page 1

Davidson family members made statements pertaining to the events leading up to the fire in the vehicle. RSC seeks to exclude any IME information from introduction at trial.

This motion is denied. While it is unclear how, if at all, the plaintiff's plan to use these reports at trial, the record does not support a ruling excluding them categorically.

Defendant argues they were produced too late. However, the record supports their disclosure was reasonably timely, and in any event, no prejudice has been shown. In particular, the stated action defendant wants to take is to review the alleged statements of the Davidson family to the IME physicians with them. There is no evidence of any inability to do that since the production of the reports several months ago. To the extent defendant is able to show a diligent effort to review these statements with the Davidsons, and an inability to do so, the court will consider opening discovery solely for the purpose of a deposition of the Davidson family member in question on this point only.

Alternatively, the defendant seeks an order requiring the plaintiffs to disclose all work product information from the underlying lawsuit filed by the Davidsons. I deny that motion as well, but order plaintiffs to produce to defendant all statements made by any Davidson family member to an independent medical examiner regarding the events or circumstances leading up to the fire, occurring during the fire, or the circumstances after the fire was out. Plaintiffs must also produce any information provided to these independent medical examiners regarding other

OPINION AND ORDER Page 2

1  statements on the same subject made by the Davidsons.  This
2  information shall be produced to defendant not later than December
3  17, 2010.
4
5      IT IS SO ORDERED.
6      DATED this ___13th____ day of December, 2010.
7                                  /s/ Dennis J. Hubel
8                                  _____
                                    Dennis James Hubel
9                                   United States Magistrate Judge

28 OPINION AND ORDER Page 3